UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BEVERLY DE RONDE, a/k/a BEVERLY JOAN DERONDE,[1] | ) ) ) | |
| Petitioner, | ) ) | Civil Action No. 5: 15-255-DCR |
| V. | ) ) | |
| FRANCISCO QUINTANA, Warden, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Beverly De Ronde is currently confined by the Bureau of Prisons ("BOP") at the Federal Prison Camp located on the campus of the Federal Medical Center ("FMC") in Lexington, Kentucky. De Ronde has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking an order directing the BOP to: (i) apply 240 days of credit to her 48-month sentence; (ii) transfer her to a half-way house (now referred to as a Residential Re-Entry Center ("RRC")); and/or (iii) permit her to serve the remainder of her sentence under home confinement.[2] [Record No. 1, as amended by Record Nos. 3; 5; 7]  De Ronde's petition will be denied because she is not entitled to any of the relief requested.

---

[1] The petitioner spells her last name as "De Ronde," but the BOP identifies her as "Beverly Joan DeRonde," BOP Register No. 13613-030. Accordingly, the Clerk of the Court will be instructed to list "Beverly Joan DeRonde" as an alias designation for De Ronde on the CM/ECF cover sheet.

[2] De Ronde is tentatively scheduled to be released from federal custody on November 28, 2016. *See* http://www.bop.gov/inmateloc/ (last visited on December 21, 2015).

- 1 -

**I.**

In January 2013, De Ronde pleaded guilty in an Iowa federal court to one count of mail fraud in violation of 18 U.S.C. § 1341. In exchange, the Government dropped eleven other counts against her. *United States v. Beverly Joan DeRonde*, 4:12-CR-00116-JEG (S.D. Iowa 2012). [Record Nos. 28; 29; 32, therein].[3] On April 17, 2013, the district court sentenced De Ronde to a 48-month term of imprisonment, followed by three years of supervised release. *Id.* [Record No. 50, therein]. De Ronde appealed, but her sentence was affirmed. *United States v. DeRonde*, 551 F. App'x 285 (8th Cir. 2014) (*per curiam*).

In June 2015, De Ronde filed a motion requesting that the district court's Judgment be clarified to specify that she would be placed in a half-way house/RRC, pursuant to the Second Chance Act of 2007 ("Second Chance Act"), 42 U.S.C. § 17501, *et seq*. *DeRonde*, 4:12-CR-00116-JEG. [Record No. 83, therein] On July 21, 2015, the district court denied De Ronde's motion, noting that the Judgment contained no particular recommendations to the BOP. *Id.* [Record No. 87, therein] The district court acknowledged that the Second Chance Act extended the maximum amount of time a federal inmate can spend in a half-way house/RRC from six to twelve months, and that the BOP must consider five factors outlined in 18 U.S.C. § 3621(b) in determining whether to place an inmate in a half-way house or RRC.[4] [*Id.*, p. 1] But the district court informed De Ronde that she could only request relief

---

[3] The district court caption identified the defendant as "Beverly Joan *DeRonde*."

[4] The district court acknowledged that the BOP must, "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to

under the Second Chance Act by filing a § 2241 habeas petition in the district where she is confined, not where she was sentenced. [*Id.*, pp. 1–2]

## II.

On August 31, 2015, De Ronde filed the instant § 2241 petition, seeking an award of 240 days of credit against her 48-month sentence. [Record No. 1] Based on the documentation that De Ronde has submitted regarding pursuit of an administrative remedy, she appears to be seeking "jail credit" for the time that she served on bond pre-sentencing between September 19, 2012, and April 17, 2013. [*Id.*, p. 7] De Ronde alleges that she was in official detention during that time. [*Id.*, p. 1] The petitioner also seeks an order directing the BOP to immediately transfer her to a half-way house/RRC, and/or an order directing the BOP to release her to home confinement for service of the remainder of her sentence. [*Id.*] In subsequent letters, De Ronde reiterates these requests. [Record Nos. 3; 5; 7]

With respect to her request for sentence credits, De Ronde exhausted her claims under the BOP's administrative remedy process. 28 C.F.R. §§ 542.13–18. On May 7, 2015, FMC-Warden Francisco Quintana denied De Ronde's first BP-9 Request for Administrative Remedy, concluding that De Ronde was not in "official detention" during the 240-day period pre-judgment because, during that time, she was released on bond. [Record No. 1-1, p. 5] Quintana cited the BOP's internal policy, BOP Program Statement 5880.28, *Sentence Computation Manual-CCCA of 1984*, which specifically defines "official detention" as time spent under a federal detention order. [*Id.*]

---

adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). [*Id.*]

Quintana explained that, according to the Program Statement, "a defendant is not entitled to any time credit off the subsequent sentence, regardless of the severity or degree of restrictions, if such release was a condition of bond or release on own recognizance, or as a condition of parole, probation or supervised release." [*Id*., citing BOP Program Statement 5880.28, pp. 1-14F; 1-14G]. Quintana further observed that "official detention does not include any time in a release status even though the defendant is considered 'in custody' for purposes of pursuing a habeas corpus petition with the court, as cited by the U.S. Supreme Court in *Hensley v. Municipal Court,* 411 U.S. 345 (1973)." [*Id*., citing BOP Program Statement 5880.28, p. 1-16]. De Ronde appealed Quintana's denial to the BOP's Mid-Atlantic Regional Office ("MARO"). [*Id.*, p. 6]

On June 25, 2015, J. F. Caraway, MARO Regional Director, denied De Ronde's BP-10 administrative appeal. [Record No. 1-1, p. 7] Citing BOP Program Statement 5880.28 and 18 U.S.C. § 3585(b), Caraway explained that the Supreme Court's treatment of the interaction between the Bail Reform Act and § 3585(b) supports the BOP's interpretation that a defendant is either released (with no credit for time under conditions of release) or detained (with credit for time in official detention). [*Id.*] He also noted that "official detention" is defined as time spent under a federal detention order. [*Id*.]

In addition, Caraway noted that De Ronde was arrested on September 19, 2012, but released on a personal recognizance bond with pretrial supervision until sentencing. [*Id.*, p. 7] She was sentenced in the underlying action on April 17, 2013, when she was ordered to voluntarily surrender. [*Id.*] De Ronde's surrender occurred on June 6, 2013. [*Id.*] Caraway determined that De Ronde was ineligible for credit for time spent while released on bond

- 4 -

between September 19, 2012, and April 17, 2013, because she was not in "official detention" during that time. [*Id.*] De Ronde appealed Caraway's determination to the BOP's Central Office. [*Id.*, p. 14]

With respect to her claim under the Second Chance Act, De Ronde has not attached documentation showing that she exhausted her claim through the administrative process. Only De Ronde's second BP-9 refers to the Second Chance Act. [Record No. 1, p. 8] The record contains no response from the BOP. And the petitioner's subsequent appeal refers only to the relief requested under *Hensley*. [*Id.*, p. 14] If De Ronde was dissatisfied with the BOP's determination concerning her claim under the Second Chance Act (or if the BOP never addressed her second BP-9), she should have filed an appeal with the Regional Director. 28 C.F.R. § 542.15(a). However, the Court does not deny De Ronde's petition for failure to exhaust. *Luedtke. v. Berkebile*, 704 F.3d 465 (6th Cir. 2013).

### III.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2241, the Court should deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). However, because De Ronde is not represented by an attorney, the Court evaluates her petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*; *Jones v. Bock*, 549 U.S. 199 (2007). At this stage of the proceedings, the Court accepts De Ronde's factual allegations as true and liberally construes the legal claims presented in her favor.

The BOP properly denied De Ronde's request for 240 days of credit against her federal sentence. Analysis of this issue begins with 18 U.S.C. § 3585(b), which provides:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Under the statute, the Attorney General, through the BOP, is authorized to grant an inmate credit for time spent in pre-sentence detention. *Id.*; *United States v. Wilson*, 503 U.S. 329, 333–35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 507 U.S. 1019 (1993). The Attorney General may only grant credit for time in "official detention" that "has not been credited against another sentence." 18 U.S.C. § 3585(b).

In *Reno v. Koray*, the Supreme Court addressed the term "official detention" where a prisoner was "released" on bail to a community treatment center. 515 U.S. 50 (1995). It held that the time the inmate spent at the community treatment center "while 'released' on bail pursuant to the Bail Reform Act of 1984 is not 'official detention' within the meaning of 18 U.S.C. § 3585(b). [The inmate] therefore was not entitled to a credit against his sentence of imprisonment." 515 U.S. at 65. The Supreme Court concluded that credit for time spent

in "official detention" under § 3585(b) isavailable *only* to those defendants who were detained in a penal or correctional facility and subject to control by the BOP. *Id.* at 58.

Because De Ronde was not detained in a penal or correctional facility nor subject to BOP's control while she was released on personal recognizance, she was not in "official detention" for the purposes of 18 U.S.C. § 3585(b). Consequently, she is not entitled to credit towards her sentence for that time period.

De Ronde cites *Hensley v. Municipal Court* as authority for her argument that she is entitled to 240 days of credit towards her sentence. 411 U.S. 345 (1973). [Record No. 1, p. 1] In *Hensley*, the Supreme Court defined the term "in custody" in the habeas corpus statute, 28 U.S.C. §§ 2241(c)(3), 2254(a), to include time spent released on bail. *Id.* at 352. However, *Hensley* defines the term "in custody" in the habeas statute—it does not define the term "official detention" in 18 U.S.C. § 3585(b). Thus, *Hensley* is inapplicable here. *United States v. Longo*, 728 F.2d 1044 (Table), 1985 WL 14075, *1 (6th Cir. Dec. 4, 1985).

In *Longo*, the defendant sought credit towards his federal sentence for time he spent released on restricted bond prior to his conviction. *Id.* at *1. The Sixth Circuit affirmed the district court's denial of the defendant's habeas petition based on the meaning of "in custody" in 18 U.S.C. § 3568,[5] explaining that:

> in *Hensley*, the Supreme Court held that a person released on his own recognizance is 'in custody' for the purpose of filing a habeas corpus petition under 28 U.S.C. § 2241 or 2255 to attack his conviction. The definition of 'in

---

[5] 18 U.S.C. § 3585 is the modern version of 18 U.S.C. § 3568, which granted sentence credit for any days spent "in custody." The language "in custody" in § 3568 was replaced by the term "official detention" in § 3585. The Sixth Circuit interpreted "in custody" in § 3568 to require physical incarceration. *Marrera v. Edwards*, 812 F.2d 1517 (6th Cir. 1987).

custody' established by *Hensley* is inapplicable to an action under section 3568 seeking credit against a federal prisoner's sentence.

*Longo*, 1985 WL 14075, at *1.

Thus, *Hensley* provides no support for De Ronde's argument that she was in "official detention" when she was released on her own recognizance pre-sentencing under certain restrictions. Consequently, she will not receive 240 days of sentence credit for the time she was released on bond between the dates of her arrest and sentencing.

**IV.**

De Ronde also requests an immediate transfer to a half-way house/RRC. [Record No. 1, p. 1] In her subsequent letters, she appears to shift her focus and urge the Court to direct the BOP to release her to home confinement to serve the remainder of her sentence, citing 42 U.S.C. §§ 17501, *et seq*. [Record Nos. 3; 5; 7] This request will be denied because De Ronde enjoys no statutory or constitutional right to home confinement or release to an RRC.

The Second Chance Act operates in conjunction with 18 U.S.C. §§ 3621(b) and 3624(c) to "authorize [ ] the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment." *Woodard v. Quintana*, 5:15-cv-307-KKC, 2015 WL 7185478, *2 (E.D. Ky. Nov. 13, 2015) (citing *Montes v. Sanders*, No. CV 07-7284-CJC (MLG), 2008 WL 2844494, at *1 (C.D. Cal. July 22, 2008)). According to 18 U.S.C. § 3624(c)(1),

> [t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The next subsection permits the BOP to consider placing a federal inmate "in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2).

The decision regarding whether to place an inmate in pre-release community confinement and/or under home confinement is discretionary and will be "determined on an individual basis" according to the factors in 18 U.S.C. § 3621(b). *McIntosh v. Hickey*, No. 10-CV-126-JMH, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010). A federal inmate does not have a constitutionally or statutorily-protected right to serve the final twelve months—or any specific amount of time—of his or her sentence in either an RRC or in home confinement. The Second Chance Act only requires that the BOP *consider* placing an inmate in an RRC or in home confinement for *up to* twelve months. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Harris v. Hickey*, No. 10-CV-135-JMH, 2010 WL 1959379, at *3 (E.D. Ky. May 17, 2010); *Mallett v. Shartle*, No. 4:10-CV-1057, 2011 WL 3289463, at *2 (N. D. Ohio Aug. 1, 2011) ("Although the BOP is authorized to place an inmate in home confinement or CCC, an inmate is not entitled to such placement at any time. 18 U.S.C. § 3624(c). [The petitioner's] only entitlement is an individual evaluation for placement at a CCC consistent with the factors set forth in 18 U.S.C. § 3621.").[6]

---

[6] *See also Whittenberg v. Ziegler*, No. 5:12-CV-01430, 2105 WL 2406111, at *1, n.2 (S. D. W. Va. May 19, 2015) (petitioner did not possess a constitutionally protected interest in placement in an RRC or on home confinement because the BOP's placement decisions were clearly permissive, not mandatory); *Pennavaria v. Gutierrez*, No. 5:07CV29, 2008 WL 619197, *9 (N. D. W. Va. Mar. 4, 2008) (federal inmates do not have a protected liberty interest in being placed on home confinement, and the BOP has complete and absolute discretion regarding where a prisoner is to be held in pre-release confinement).

As a result, the only remedy to which De Ronde is entitled is "an assurance that the BOP properly exercised its discretion by evaluating [her] under the criteria required by the Act." *Roberts v. Coackley*, No. 4:14-CV-0009, 2014 WL 1681515, *3 (N.D. Ohio April 28, 2014) (denying § 2241 petition where petitioner never argued that the BOP failed to rely on the appropriate criteria outlined in the Second Chance Act). Here, there is "no reasonable suggestion the BOP failed to properly exercise its discretion, or improperly executed" De Ronde's sentence. *Id.* As a result, she is not entitled to relief with respect to her claim under the Second Chance Act.

## V.

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court is directed to list "Beverly Joan DeRonde" as an alias designation for Petitioner Beverly De Ronde on the CM/ECF cover sheet.

2. De Ronde's petition for writ of habeas corpus under 28 U.S.C. § 2241 [Record No. 1, as amended by Record Nos. 3; 5; 7] is **DENIED**.

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent Francisco Quintana, Warden of the Federal Medical Center in Lexington, Kentucky.

This 23rd day of December, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge